**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**ABEL VERA and OSVLADO CASTRO MINAYA,**
**individually and on behalf of others similarly situated,**

                    **Plaintiffs,**                    **Case No. 20 Civ. 8204**

        **-against-**                                  **CLASS AND COLLECTIVE**
                                                       **ACTION COMPLAINT**

**HK KITCHEN CORP.,**



                    **Defendant.**
-------------------------------------------------------------------X

Plaintiffs Abel Vera (hereinafter individually referred to as "Plaintiff Vera") and Osvaldo

Castro Minaya (hereinafter individually referred to as "Plaintiff Castro Minaya") (hereinafter

collectively referred to as "Plaintiffs"), individually and on behalf of others similarly situated, by

and through their attorneys, The Law Offices of Fausto E. Zapata, Jr., P.C., Esq., upon their

knowledge and belief, and as against HK Kitchen Corp. (hereinafter referred to as "Defendant"),

allege as follows:

## NATURE OF ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiffs and their similarly

   situated co-workers – kitchen workers – who have worked for Defendant, pursuant to the

   Fair Labor Standards Act, 29 U.S §§ 201 *et seq.* ("FLSA").

2. Plaintiffs brings this action on behalf of themselves and similarly situated current and

   former kitchen workers who opt-in to this action pursuant to the FLSA collective action

   provision within 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour

   provisions of the FLSA by Defendant that have deprived Plaintiffs and other similarly

situated individuals of their lawfully earned wages (hereinafter referred to as the "FLSA Collective Class".)

3. Plaintiff Vera also alleges that he, individually, is entitled to: (1) damages as a result of Defendant's actions in retaliating against him, in response to Plaintiff Vera's engagement in protected activities, in violation of the FLSA 29 U.S.C. §§ 201 *et seq.*; and, (2) attorneys' fees and costs, compensatory and punitive damages, and interest, pursuant to the FLSA.

4. Plaintiffs also bring the following New York Labor Law (hereinafter referred to as "NYLL") claims as a class action on behalf of current and former kitchen workers, pursuant to Federal Rule of Civil Procedure, Rule 23 (hereinafter "NYLL Class"), seeking: (i) unpaid overtime wages from Defendant for hours worked in excess of 40 in a workweek pursuant to the NYLL §§ 190 and 650, *et seq.* and the New York State Department of Labor's Hospitality Industry Wage Order, 12 N.Y.C.R.R. Part 146, *et seq.* ("Wage Order"); (ii) unpaid wages associated with Defendant's practice of paying Plaintiffs wages that were less than minimum wage as per NYLL and the Wage Order; (iii) unpaid spread of hours wages for days worked in excess of 10 or more hours per day for which Defendant did not pay an extra hour of pay, as required by the NYLL and the Wage Order; (iv) damages for Defendant's failure to provide Plaintiffs with a notice of wages pursuant to NYLL §§ 195(1)(a) and 195(3) *et seq.*; and, (v) attorneys' fees and costs, as well as both liquidated and punitive damages pursuant to NYLL.

5. Plaintiff Vera also allege that he, individually, is entitled to: (1) damages as a result of Defendants' actions in retaliating against Plaintiffs by interfering with their ability to work, in response to their protected activities, in violation of the New York Labor Law

(hereinafter referred to as "NYLL"); and, (2) attorneys' fees and costs, liquidated

damages and interest pursuant to the NYLL.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because

   Plaintiffs' FLSA claims arise under the laws of the United States, i.e., 29 U.S.C. §

   216(b), and 28 U.S.C. § 1337 because rights contained in the FLSA were created by

   congress using its power to regulate commerce.

7. This Court has supplemental jurisdiction over Plaintiffs' New York State claims pursuant

   to 28 U.S.C. § 1367 because they are related to Plaintiffs' FLSA claims that they form

   part of the same controversy.

8. This Court is empowered to issue a declaratory judgment and further necessary or proper

   relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial

   part of the events or omissions giving rise to the claims occurred in this district.

## PROCEDURAL PREREQUISITES

10. In or around September 15, 2020, Plaintiff provided the New York State Attorney

    General with notice of Plaintiff's action and NYLL § 215 claims, pursuant to NYLL §

    215(b).

## PARTIES

11. Plaintiff Vera is an adult who at all relevant times herein has resided in Bronx County,

    New York.

12. Defendant employed Plaintiff Vera as a Sous Chef from in or around May 2019 to in or

    around February 2020.

13. Defendant has employed Plaintiff Vera from April 2019 to March 2020.

14. Defendant rehired Plaintiff Vera in or around August 2020 after having laid him off temporarily.

15. Defendant has employed Plaintiff Castro Minaya from June 2019 to March 2020.

16. Plaintiffs were employed as kitchen workers for Defendant's restaurant and were responsible for preparing food, related duties, and the kitchen and other areas of Defendant's restaurant.

17. Plaintiffs consent to being party Plaintiffs pursuant to 29 U.S.C. § 216(b).

18. Plaintiffs are bringing claims as representatives of a prospective class of similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b).

19. Defendant HK Kitchen Corp. is a domestic business entity duly existing under the laws of the State of New York.

20. At all relevant times, eleven or more employees worked for Defendant, thereby making Defendant a large employer pursuant to the Wage Order, 12 N.Y.C.R.R. § 146-1.2(a)(1)(i)(a).

21. At all relevant times, Defendant owned, operated, or controlled a restaurant and bar which were located at 3599 East Tremont Avenue, Bronx, New York 10465.

22. At all relevant times, Defendant determines, and/or determined, the wages and compensation, established the schedules of employees, including Plaintiffs and the Collective/Class and NYLL Class (hereinafter collectively referred to as "Collective/Class").

23. At all relevant times, Defendant maintains, and/or maintained, employee records, including Plaintiffs and the Collective/Class.

24.  At all relevant times, Defendant maintained control, oversight, and direction over Plaintiffs and the Collective/Class, including timekeeping, payroll and other employment practices that applied to them.

25. Upon information and belief, Defendant applied the same employment policies, practices and procedures to all employees who performed the same or similar duties as Plaintiffs, and the Collective/Class, with respect to payment of minimum wage and overtime compensation.

26. At all relevant times herein, Plaintiffs were employed by Defendant in Bronx County, New York.

27. At all relevant times herein, Plaintiffs and the Collective/Class were each an *employee* within the meaning of 29 U.S.C. § 203(e).

28. At all relevant times herein, Plaintiffs and the Collective/Class were each an *employee* within the meaning of 12 N.Y.C.R.R. § 146-3.2.

29.  At all relevant times herein, Defendant employed Plaintiffs and the Collective/Class as *non-service employees*, within the meaning of the Wage Order, 12 N.Y.C.R.R. § 146-3.3.

30.  At all relevant times herein, Plaintiffs and the Collective/Class were each an *employee* of Defendant, as within the meaning of NYLL § 2(5).

31. At all relevant times herein, Plaintiffs and the Collective/Class were each an *employee* of Defendant, within the meaning of NYLL § 190(2).

32. At all relevant times herein, Plaintiffs and the Collective/Class were each an *employee* of Defendant, within the meaning of NYLL § 651(5).

33. At all relevant times herein, Defendant was an *employer* of Plaintiffs and the Collective/Class within the meaning of 29 U.S.C. § 203(d).

34. At all relevant times herein, Defendant was an *employer* of Plaintiffs and the Collective/Class, within the meaning of NYLL § 2(6).

35. At all relevant times herein, Defendant was an *employer* of Plaintiffs, the Collective/Class, within the meaning of NYLL § 190(3).

36. At all relevant times herein, Defendant was an *employer* of Plaintiffs, the Collective/Class, within the meaning of NYLL § 651(6).

37.  At all relevant times herein, Plaintiffs, the Collective/Class were *employed* by Defendant, as defined by NYLL § 2(7).

38. At all times relevant herein, Defendant was an "enterprise" within the meaning of 29 U.S.C. § 203(r).

39. At all relevant times herein, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

40. At all relevant times herein, Defendant was a *person* within the meaning of 29 U.S.C. § 203(a).

41. At all relevant times herein, Plaintiffs and the Collective/Class were employees engaged or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 – 207.

42. Defendant, at all relevant times herein, has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

43. Upon information and belief, at all relevant times herein, Defendant had gross annual revenues in excess of $500,000.00.

44. Defendant is a covered employer within the meaning of the FLSA and NYLL, and at all relevant times employed the Plaintiffs and the Collective/Class.

## COLLECTIVE ACTION CLAIMS

45. Plaintiffs bring the First and Second Causes of Action, FLSA claims, on behalf of themselves and all similarly situated persons who have worked as Sous Chefs or have performed the duties of kitchen workers, as described below, who elect to opt-in to this action.

46. Defendant maintained a policy and pattern or practice of intentionally refusing to pay Plaintiff and the Collective/Class premium overtime compensation, equal to at least one and a half times the statutory minimum wage, for all hours worked beyond 40 per workweek.

47. All of the work that Plaintiffs and the Collective/Class have performed have been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiffs and the Collective/Class have performed.

48. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern and practice, and implemented policies, violating the FLSA with respect to Plaintiffs and the Collective/Class.  These patterns, practices, and policies include:

   a.  willfully failing to pay its employees, including Plaintiffs and the Collective/Class, premium overtime wages for hours that they worked in excess of 40 hours per workweek;

   b.  willfully failing to pay Plaintiffs and the Collective/Class minimum wages for hours that they worked each workweek; and,

c.   willfully failing to record all of the hours that Plaintiff and the Collective/Class worked, in violation of 29 C.F.R. § 516.2.

d.   whether the Collective/Class worked for the benefit of Defendant,

49. Defendant's unlawful conduct, as described in this Class and Collective Action Complaint, is pursuant to a corporate policy or practice minimizing labor costs by failing to record the hours employees work.

50. Defendant is aware, or should have been aware, that the FLSA required it to pay employees performing non-exempt duties the statutory minimum wage and overtime premium pay for hours worked in excess of 40 per workweek.

51. Plaintiffs and the Collective/Class perform or performed the same primary duties.

52. Defendant's unlawful conduct has been widespread, repeated, and consistent.

53.  Plaintiffs seeks certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendant pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

54. Plaintiff brings the Third, Fourth, Sixth, and Seventh Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

All persons who work or have worked for Defendant as sous chefs or kitchen workers who performed kitchen duties, including, washing dishes; organizing and putting away dishes, pots, pans, utensils, drinking glasses, etc.; sweeping, mopping, and cleaning floors; cleaning bathrooms; receiving direct shipment of supplies

from outside of New York State and stocking deliveries; cutting
vegetables for chef; and, preparing and seasoning meat for chef;
between August 2014, and the date of final judgment in this matter.

55. Excluded from the NYLL Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant and all other persons who will submit timely and otherwise proper requests for exclusion from the NYLL Class.

56. The members of the NYLL Class are so numerous that joinder of all members is impracticable.

57. Upon information and belief, the size of the NYLL Class is at least 20 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendant.

58. Defendant has acted or has refused to act on grounds generally applicable to the NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the NYLL Class as a whole.

59. Common questions of law and fact exist as to the NYLL Class that predominate over any questions only affecting them individually and include, but are not limited to the following:

    i. Whether Defendant violated the NYLL Articles 6 and 19, and supporting New York State Department of Labor regulations;

    ii. Whether Defendant failed to pay Plaintiff and the NYLL Class less than the New York statutory minimum wage to which they were entitled in violation of NYLL § 663(1) and the Wage Order, 12 N.Y.C.R.R. § 1.2(a)(1)(i);

iii.  Whether Defendant failed to pay Plaintiff and the NYLL Class overtime wages to which they were entitled, in violation of the Wage Order, 12 N.Y.C.R.R. § 146-1.4;

iv.  Whether Defendant violated the Notice and Recordkeeping requirements, within NYLL §§ 195(1)(a) and 195(2), by failing to provide Plaintiffs and the NYLL Class with written notice, in their primary language, at the time of hiring, or when their wages changed, of: (1) their rate or rates of pay; (2) whether paid by the hour, shift, day, week, salary, etc.; (3) any allowances claimed as part of the minimum wage; (4) Defendant's name; (5) any "doing business as" names used by Defendant; (6) the physical address of Defendant's business and mailing address, if different; and, (7) Defendant's telephone number;

v.  Whether Defendant violated the Notice and Recordkeeping requirements, within NYLL § 195(3), by failing to furnish Plaintiffs and the NYLL Class with a statement with every payment of wages, listing the: (1) dates of work covered by the payment of wages; (2) name of the employer; (3) Defendant's address; (4) Defendant's telephone number; (5) rate of pay; and, (6) number of hours worked;

vi.  Whether Defendant failed to pay Plaintiff and the NYLL Class less than the wage to which they were entitled in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 (spread of hour);

vii.  Whether Defendant violated the Notice and Recordkeeping requirements, within NYLL § 195(4), as it pertains to Plaintiffs and the NYLL Class, by failing to preserve contemporaneous, true, and accurate payroll records showing, for each

week worked: (1) the hours worked; (2) the rates of pay and basis thereof; (3) whether paid by the hour, shift, day, week, salary; and, (4) gross and net wages;

viii.    Whether Defendant violated the Wage Order, 12 N.Y.C.R.R. § 146-2.1, by failing to maintain and preserve weekly payroll records for each employee containing the number of hours worked daily and weekly, including the time of arrival and departure for each employee working a split shift or spread of hours exceeding 10;

ix.    Whether Defendant's policy of failing to pay workers all of the wages earned, in compliance with NYLL, was instituted willfully or with reckless disregard of the law; and,

x.    The nature and extent of class-wide injury and the measure of damages for those injuries.

60. The claims of Plaintiffs are typical of the claims of the NYLL Class they seek to represent.

61. Plaintiffs and all the NYLL Class members work, or have worked, for Defendant as Sous Chefs, or whose primary duties involve food preparation and cleaning duties in Defendant's restaurant.

62. Plaintiff and the NYLL Class members enjoy the same statutory rights, under the NYLL, to be paid for all hours worked at the statutory minimum wage, to be paid premium overtime wages, and to receive accurate paycheck wage statements.

63. Plaintiff and the NYLL Class have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

64. Plaintiffs and the NYLL Class have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct.

65. Plaintiffs will fairly and adequately represent and protect the interests of the members of the NYLL Class.

66. Plaintiffs understands that as class representatives, they assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.

67. Plaintiffs recognizes that as class representatives, they must represent and consider the interest of the class just as they would represent and consider their own interests.

68. Plaintiffs understands that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the class.

69. Plaintiffs recognize that any resolution of a class action must be in the best interests of the class.

70. Plaintiffs understand that in order to provide adequate representation they must be informed of the developments of the litigation, cooperate with class counsel, and testify at deposition and/or trial.

71. Plaintiffs have retained counsel competent and experienced in complex large-scale wage and hour litigation.

72. There is no conflict between Plaintiffs and the NYLL members.

73. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

74. Plaintiffs and the NYLL Class have been damaged and are entitled to recovery as a result of Defendant's violations of the NYLL, as well as their common and uniform policies, practices, and procedures.

75. Although the relative damages suffered by individual NYLL Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

76. The individual Plaintiffs and the NYLL Class lack the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to vigorously prosecute individual lawsuits against Defendant to recover such damages.

77. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

78. This action is properly maintained as class action under Federal Rule of Civil Procedure 23(d)(3).

79. The exact number of such individuals is presently unknown, but is known by Defendant and can be ascertained through the discovery process.

## FACTUAL ALLEGATIONS

80. In or around April 2019, Defendant's manager, Robert, interviewed Plaintiff Vera for a vacant Sous Chef position in its kitchen.

81. Robert offered Plaintiff Vera a kitchen position with Defendant, to begin immediately.

82. Plaintiff Vera accepted Defendant's offer of employment and started working for Defendant in or around April 2019.

83. Plaintiff was assigned to work Wednesday through Friday, from 10:00 a.m. to 10:00 p.m., and Saturday and Sunday from 10:00 a.m. to 11:00 p.m.

84. At the time that Defendant hired Plaintiff, Robert told Plaintiff that he was going to be paid a salary of $800 each workweek.

85. Plaintiff Vera was directed to clock out at 6:00 p.m. or after working eight hours when he reported to work after 10:00 a.m.

86. Plaintiff was assigned to work as a Sous Chef at Defendant's restaurant and bar, located at 3599 East Tremont Avenue, Bronx, New York 10465.

87. In or around September 2019, Defendant increased Plaintiff Vera's rate of pay to $900 per week without changing his scheduled hours of work.

88. In or around June 2019, Defendant's manager, Rolando, interviewed Plaintiff Castro Minaya for a vacant kitchen worker position in Defendant's restaurant.

89. Rolando offered Plaintiff Castro Minaya a kitchen position with Defendant, to begin immediately.

90. Plaintiff Castro Minaya accepted Defendant's offer of employment and started working for Defendant in or around June 2019.

91. Robert, Defendant's manager, assigned Plaintiff Castro Minaya to work Thursday through Sunday from 1 p.m. to between 3:00 a.m. and 4:00 p.m.

92. At the time that Defendant hired Plaintiff Castro Minaya, Rolando told Plaintiff Castro Minaya that he was going to be paid a salary of $600 each workweek.

93. Plaintiff Castro Minaya was told that since he was going to be paid in cash, he did not have to clock in and out when he reported to or left work.

94. Plaintiff Castro Minaya was assigned to work as a Kitchen Worker for Defendant's restaurant and bar, located at 3599 East Tremont Avenue, Bronx, New York 10465.

95. In or around January 2020, Defendant increased Plaintiff Osvaldo's work hours to Monday through Sunday and raised his pay to $996 per week.

96. Plaintiffs Vera's and Plaintiff Castro Minaya's duties included, but were not limited to, the following: (1) assisting in food preparation; (2) preparing ingredients for chef; (3) steaming vegetables and other basic cooking; (4) seaming, grilling, boiling, baking or frying meats, fish, vegetables, and other ingredients; (6) assisting in maintaining food levels and restocking items; (8) keeping utensils and equipment clean and sanitary; (9) ensuring the availability of clean dishes by washing dishes, pots, pans, and flatware, by washing and storing them when the dishwasher was unavailable; (10) preparing kitchen for next shift by cleaning and restocking cooking stations; (11) cleaning machines and appliances used in the kitchen; (12) unloading and storing deliveries; (13) sweeping and mopping floors when the restaurant was busy or the dishwasher was unavailable; (14) supporting other restaurant staff members by assisting with other tasks, as needed; and, (15) reporting violations of food safety codes and procedures.

97. In addition to the aforementioned, Plaintiff Vera was also responsible for: (1) weighing, measuring, mixing and preparing ingredients and checking food and ingredients for freshness; and, (2) assisting in ordering food and supplies on behalf of Defendant; and, (3) taking out the trash when the dishwasher was unavailable or the restaurant was busy;

98. In addition to the aforementioned, Castro Minaya was also responsible for: (1) sweeping and mopping floors, cleaning the Defendant's restaurant's bathrooms, dining room, and the exterior of the Defendant's restaurant's premises; (2) garbage removal; (3) wiping

down garbage cans/containers; (4) bringing ice to the bar; (5) bringing beer and liquor from Defendant's restaurant's basement to the bar; (6) picking up glasses and dishes from the bar and bringing them to the kitchen to be cleaned; and, (7) picking up food deliveries from vendors and transporting them to Defendant's restaurant.

99. Defendant intentionally sought to avoid compliance with the FLSA and NYLL minimum wage and overtime pay requirements by paying Plaintiff Vera through a third party, Chef Sanchez Consulting Corp.

100.    Defendant directed another employee, Luis Sanchez, who worked in the kitchen alongside Plaintiff gave Plaintiff Vera his wages, which were issued on a personal check from Chef Sanchez Consulting Corp.

101.    Defendant paid Plaintiff in this manner for approximately four months.

102.    In or around September 2019, Defendant increased Plaintiff Vera's wages to $900 each week without changing his hours.

103.    At some point thereafter, Defendant issued Plaintiff Vera checks issued in Defendant's name.

104.    The check stubs that Defendant's issued Plaintiff Vera identified him as an independent contractor.

105.    Throughout his employment with Defendant, Robert supervised and controlled Plaintiffs' work schedules and conditions of employment, including directing Plaintiffs to work additional hours after his regular hours finished.

106.    Throughout his employment with Defendant, Robert would direct Plaintiffs' job duties often, including directing the portions of food that Plaintiff prepared for Defendant's customers or to clean specific items or areas within Defendant's restaurant.

107.    Plaintiffs regularly worked more than forty (40) hours per week for Defendant without receiving the statutory minimum wage and overtime premium pay equal to one and a half times the statutory minimum wage for hours worked in excess of forty (40) in a workweek.

108.    For example, Plaintiff Vera worked over 60 hours each workweek for the month of May 2019 without being paid a premium overtime wages, equal to one and one half of his regular hourly rate of pay.

109.    For example, Plaintiff Castro Minaya worked over 60 hours each workweek for the month of January 2020 without being paid a premium overtime wages, equal to one and one half of his regular hourly rate of pay.

110.    At all relevant times herein, Defendant maintained a policy and practice of requiring Plaintiff and the Collective/Class to work in excess of forty (40) hours per week without providing overtime compensation required by federal and state laws, and related rules and regulations.

111.    During Plaintiffs' employment, Defendant failed to pay Plaintiff and the Collective/Class the required *spread of hours* pay for any day they worked in excess of 10 hours.

112.    At all relevant times herein, Defendant maintained a policy and practice of paying Plaintiff and Collective/Class less than minimum wage as required by federal and state laws, and related rules and regulations.

113.    Defendant knew that the foregoing acts violated the FLSA, and would economically injure Plaintiffs and the Collective/Class.

114.     Defendant knew that the foregoing acts violated the NYLL, and would economically injure Plaintiffs and the Collective/Class.

115.     Defendant committed the foregoing acts against Plaintiff and Collective/Class knowingly, intentionally and willfully.

116.     At all relevant times herein, Defendant failed to maintain accurate recordkeeping of the hours worked as it pertains to Plaintiffs and the Collective/Class.

117.     Defendant's conduct extended beyond Plaintiff and the Collective/Class.

118.     Defendant failed to notify Plaintiff and the Collective/Class, in writing, at the time of hiring of the following information: (1) the rates of pay and basis thereof, (2) whether paid by the hour, shift, day, week or salary; and, (3) allowances, if any, claimed as part of the minimum wage, including lodging allowances, (4) regular pay day designated, (5) name of the employer, (6) any "doing business as" names used by the employer, 6) the physical address of the employer's main office or principal place of business, and, (7) the employer's telephone number, in violation of NYLL § 195(1)(a).

119.     At all relevant times herein, Defendant issued Plaintiff and the Collective/Class paystubs that did not conform to NYLL § 195(3), including, but not limited to identifying the accurate pay period being paid in the paystub and accurately identifying number of hours that Plaintiffs and the Collective/Class worked in each pay period.

120.     In or around July 21, 2020, Plaintiffs, through their counsel, sent Defendants a written notice, pursuant to N.Y. Business Corporation Law §§ 624 and 630, seeking disclosure of the names and addresses of the ten largest shareholders to provide them with notice of Plaintiffs intent to hold them personally liable for unpaid wages.

121.    In response to Plaintiffs' protected activities, Robert, Defendant HK Kitchen
Corp.'s Manager, engaged in a campaign to have Plaintiffs and Defendant's employees
sign letters attesting that they are not owed any wages in exchange for continued
employment.

122.    In or around August 12, 2020, Robert called Plaintiff Vera on Plaintiff Vera's
personal cellular phone and offered him employment.

123.    Robert told Plaintiff Vera that Defendant was going to open another restaurant
and that they could employ Plaintiff Vera with Luis Sanchez and work as a chef.

124.    Vera said that he would consider it because he was already working and that his
new employer was paying him well.

125.    Robert ended the conversation by imploring Plaintiff Vera to pick up the phone
when Robert called after noting that he had tried calling Plaintiff Vera on numerous
occasions and Plaintiff Vera did not pick up the phone.

126.    In or around August 17, 2020, Robert called Plaintiff Vera and told him that he
and Luis Sanchez were in agreement that they wanted Plaintiff Vera to work with them in
the new restaurant that Defendant was opening.

127.    During this conversation Robert told Plaintiff Vera that to work with Defendant,
Plaintiff Vera was required to sign a document stating that he was not owed any unpaid
wages.

128.    Plaintiff Vera stated that he was unwilling to sign the document and that he was
unsure that wanted to work with Defendant.

129.     On August 21, 2020, Robert went to Plaintiff's new place of employment in person with Luis Sanchez and tried to persuade Plaintiff Vera to sign a document wherein stating that he was not owed unpaid wages from Defendant.

130.     Plaintiff Vera refused to sign the document and Robert became upset and yelled to Plaintiff that he had timecards that showed that Plaintiff Vera did not work more than 40 hours each week and they paid him $900 per week.

131.     Plaintiff Vera objected to Robert's statement and stated that he worked more than 40 hours every week and did not receive overtime pay.

132.     Robert then told Plaintiff Vera that he had been overpaid by Defendant and Luis Sanchez and that he owed Defendant $7,000 and $12,000 to Luis Sanchez.

133.     Robert then told Plaintiff Vera that if he signed the document stating that Defendant did not owe Plaintiff Vera unpaid wages, then Defendant and Luis Sanchez would not assert their claims against Plaintiff Vera to recover the $19,000 that Robert asserted Plaintiff Vera owed Defendant and Luis Sanchez.

134.     Plaintiff Vera was resolute in his refusal to sign the document that Robert and Luis Sanchez were pressuring him to sign and they left.

135.     Plaintiff Vera then spoke to his coworkers who still worked for Defendant and learned that Defendant required that they all sign documents stating that they were not owed unpaid wages in exchange for continued employment for Defendant.

136.     Moreover, Plaintiff Vera learned that Robert told all of his Plaintiff Vera's coworkers that Plaintiff Vera had secretly recorded all of them discussing their involvement in a lawsuit against Defendant prior to, or at the time, presenting them with documents to sign stating that Defendant did not owe them unpaid wages.

137.    Plaintiff Vera that Robert's accusations that Plaintiff Vera secretly recorded them angered his former coworkers and made them hostile towards Plaintiff Vera whereas prior to Robert's false accusations, they were friendly towards Plaintiff Vera.

138.    In or around August 2020, Plaintiff Castro Minaya learned from Plaintiff Vera that Robert was looking to speak to him but could not call him because Plaintiff Castro Minaya changed his telephone number.

139.    Plaintiff Castro Minaya has not made any attempt to communicate with Robert despite Robert's attempts to communicate with him.

**FIRST CLAIM OF RELIEF**
**FAIR LABOR STANDARDS ACT**
**OVERTIME VIOLATIONS**
**(BROUGHT ON BEHALF OF PLAINTIFF AND COLLECTIVE/CLASS)**

140.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

141.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiffs and the Collective/Class.

142.    Defendant failed to pay Plaintiff and the Collective/Class overtime wages for all of the hours they worked in excess of 40 hours in a workweek.

143.    Defendant's unlawful conduct, as described in the Class and Collective Action Complaint, has been willful and intentional.

144.    Defendant was aware or should have been aware that the practices described in the Class Action Complaint were unlawful.

145.    Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the Collective/Class.

146.     Defendant's violations of the FLSA have been willful, a three-year statute of

limitations applies, pursuant to 29 U.S.C. § 255.

147.     As a result of Defendant's unlawful acts, Plaintiff and the Collective/Class have

been deprived of premium overtime wage compensation in amounts to be determined at

trial and are entitled to recover of such amounts, liquidated damages, prejudgment

interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**VIOLATIONS OF THE OVERTIME PROVISIONS**
**(BROUGHT ON BEHALF OF PLAINTIFF AND THE COLLECTIVE/CLASS)**

148.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding

paragraphs.

149.     The overtime wage provisions of Article 19 of the NYLL and its supporting

regulations apply to Defendant, and protect Plaintiffs and members of the

Collective/Class.

150.     Defendant failed to pay Plaintiffs and members of the Collective/Class overtime

wages to which they are entitled under the NYLL and the supporting New York State

Department of Labor Wage Order.

151.     Through their knowledge or intentional failure to pay Plaintiffs and

Collective/Class overtime wages for hours worked in excess of 40 hours per week,

Defendant has willfully violated the NYLL Article 19 §§ 650 *et seq*., and Wage Order, 12

N.Y.C.R.R. § 146-1.4.

152.     Due to Defendant's violations of the NYLL, Plaintiffs and members of the

Collective/Class are entitled to recover from Defendant their unpaid overtime wages,

liquidated damages as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment interest.

**THIRD CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**MINIMUM WAGE ACT VIOLATIONS**
**(BROUGHT ON BEHALF OF PLAINTIFF AND THE COLLECTIVE/CLASS)**

153.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

154.    The minimum wage provisions of Article 19 of the NYLL and the Wage Order apply to Defendant, and protect Plaintiffs and members of the Collective/Class.

155.    Defendant failed to pay Plaintiffs and members of the Collective/Class statutory minimum wages to which they are entitled under the NYLL and the Wage Order.

156.    Through their knowledge or intentional failure to pay Plaintiffs and members of the Collective/Class minimum wages for hours worked, Defendant has willfully violated the NYLL Article 19 §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

**157.**    Due to Defendant's violations of the NYLL, Plaintiffs and members of the Collective/Class are entitled to recover from Defendant their unpaid minimum wages, liquidated damages as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment interest.

**FIFTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**WAGE STATEMENT PROVISION**
**(BROUGHT ON BEHALF OF PLAINTIFF AND THE COLLECTIVE/CLASS)**

158.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

159.     The minimum wage provisions of Article 6 of the NYLL and the Wage Order apply to Defendant, and protect Plaintiffs and members of the Collective/Class.

160.     Defendant failed to provide Plaintiffs and members of the Collective/Class with a written statement concurrent with payment of wages which lists, *inter alia,* the number of regular and overtime hours worked and the overtime rate of pay, to which they are entitled under the NYLL § 195(3) and Wage Order.

161.     Through their knowledge or intentional failure to provide Plaintiff and members of the Collective/Class with wage statements, Defendant has willfully violated the NYLL Article 6 §§ 195 *et seq*.

162.     Due to Defendant's violations of the NYLL § 195(3), Plaintiffs and members of the Collective/Class are entitled to recover from Defendant $5,000.00 in damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**NOTICE AND RECORDKEEPING REQUIREMENT**
**(BROUGHT ON BEHALF OF PLAINTIFF AND THE COLLECTIVE/CLASS)**

163.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

164.     The minimum wage provisions of Article 6 of the NYLL and its supporting regulations apply to Defendant, and protect Plaintiffs and members of the Collective/Class s.

165.     Defendant failed to provide Plaintiffs and members of the Collective/Class with a written notice, in English and in Spanish, at the time that they were hired and when their rate of pay changed, containing: (1) the rate or rates of pay and basis thereof; (2) whether paid by the hour, shift, day, week, salary, piece, commission, or other; (3) allowances, if

any, claimed as part of the minimum wage, including meal allowances; (4) the regular

pay day designated by the employer; (5) the name of the employer; any "doing business

as" names used by the employer; (6) the physical address of the employer's main office or

principal place of business, and a mailing address if different; and, (7) the telephone

number of the employer, as required by NYLL §195(1).

166.     Through their knowledge or intentional failure to provide Plaintiffs and members

of the Collective/Class with notice statements, Defendant has willfully violated the

NYLL Article 6 § 195(1).

167.     Due to Defendant's violations of the NYLL § 195(1), Plaintiffs and members of

the Collective/Class are entitled to recover from Defendant $5,000.00 in damages, as

provided for by NYLL Article 6, § 198, reasonable attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF
### NEW YORK STATE LABOR
### SPREAD OF HOURS WAGE ORDER VIOLATIONS
### (BROUGHT ON BEHALF OF PLAINTIFF AND THE COLLECTIVE/CLASS)

168.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding

paragraphs.

169.     Defendant willfully violated Plaintiff's and members of the Collective/Class'

rights by failing to pay them spread of hours compensation of one additional hour of pay

at the basic minimum hourly rate of pay when their workday lasted longer than ten hours,

in accordance with the NYLL and the Wage Order, 12 N.Y.C.R.R. § 146-1-6.

170.     Defendant's NYLL violations have caused Plaintiffs and members of the

Collective/Class irreparable harm for which there is no adequate remedy at law.

171.     Due to Defendant's NYLL violations, Plaintiffs and members of the

Collective/Class are entitled to recover from Defendant unpaid compensation, liquidated

damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements

in connection with this action, pursuant to NYLL §§ 663 and 198.

<u>**SEVENTH CLAIM OF RELIEF**</u>
**FAIR LABOR STANDARDS ACT**
**RETALIATION**
**(BROUGHT ON BEHALF OF PLAINTIFF VERA)**

172.    Plaintiff Vera re-alleges and incorporates by reference all allegations in all

preceding paragraphs.

173.    The retaliation provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., apply

to Defendant and protect Plaintiff Vera.

174.    The FLSA, 29 U.S.C. § 215(a)(3), makes it unlawful:

> to discharge or in any other manner discriminate against any
> employee because such employee has filed any complaint or
> instituted or caused to be instituted any proceeding under or related
> to this chapter, or has testified or is about to testify in any such
> proceeding, or has served or is about to serve on an industry
> committee.

175.    The foregoing conduct, as alleged, constitutes violations of the FLSA within the

meaning of 29 U.S.C. § 215(a)(3).

176.    Defendant willfully violated Plaintiff's rights by retaliating against him in

response to his engagement in activities protected under the FLSA.

177.    As a direct and proximate result of Defendant's unlawful retaliatory conduct,

Plaintiff Vera has suffered, and continue to suffer, severe mental, emotional, and physical

injury, distress, pain and suffering, and injury to reputation, for which he is entitled to an

award of monetary damages and other relief, to the greatest extent permitted by law.

178.    Defendant's violations of 29 U.S.C. § 215(a)(3) have caused Plaintiff Vera

irreparable harm for which there is no adequate remedy at law.

179.    Due to Defendant's FLSA violations, Plaintiff Vera is entitled to recover from

Defendants compensatory, punitive, and liquidated damages, reasonable attorneys' fees

and costs and disbursements, pursuant to 29 U.S.C. § 216(b).

### EIGHTH CLAIM FOR RELIEF
### NEW YORK STATE LABOR LAW
### RETALIATION
### (BROUGHT ON BEHALF OF PLAINTIFF VERA)

180.    Plaintiff Vera re-alleges and incorporates by reference all allegations in all

preceding paragraphs.

181.    The retaliation provisions set forth in NYLL § 215 and the supporting regulations,

apply to Defendant and protect Plaintiff Vera.

182.    NYLL § 215(1)(a) provides that:

> No employer or his or her agent… shall discharge, threaten,
> penalize, or in any other manner discriminate against any employee
> (i) because such employee has made a complaint to his or her
> employer… that the employer has engaged in conduct that the
> employee, reasonably and in good faith, believes violates any
> provision of this chapter.

183.    The foregoing conduct, as alleged, constitutes violations within the meaning of

NYLL § 215.

184.    Defendant willfully violated Plaintiff's rights by retaliating against him in

response to Plaintiff Vera's engagement in activities protected under the NYLL.

185.    Defendant's violations of NYLL § 215 have caused Plaintiff Vera irreparable

harm for which there is no adequate remedy at law.

186.    As a direct and proximate result of Defendant's unlawful retaliatory conduct,

Plaintiff Vera has suffered, and continue to suffer, severe mental, emotional, and physical

injury, distress, pain and suffering, and injury to reputation, for which he is entitled to an award of monetary damages and other relief, to the greatest extent permitted by law.

187.    Due to Defendant's NYLL violations, Plaintiff Vera is entitled to recover from Defendant compensatory, punitive, and liquidated damages, reasonable attorneys' fees and costs and disbursements, pursuant to NYLL § 215.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the Class/Collective and all other similarly situated persons, respectfully requests that this Court grant the following relief:

a) Designation of this action as a collective action on behalf of the Class/Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action members;

b) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c) Designation of Plaintiffs as representative to Rule 23 Class and counsel of record as Class Counsel;

d) An award of unpaid minimum and overtime pay, an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

e) An award of unpaid minimum and overtime pay, an additional and equal amount as liquidated damages pursuant to the NYLL and the Wage Order;

f) An award of statutory penalties equal to two hundred and fifty dollars for each workday that Defendant failed to provide Plaintiff and the Collective/Class with accurate wage statements, or a total of five thousand dollars each, as provided by NYLL, Article 6 § 198;

g) An award of statutory penalties equal to fifty dollars for each workday that Defendant failed to provide Plaintiff and the Collective/Class with proper wage notices, or a total of five thousand dollars each, as provided by NYLL, Article 6 § 198;

h) An award of back pay for unpaid spread of hour pay that Plaintiff and the Collective/Class were due under NYLL, the Wage Order, an additional and equal amount as liquidated damages permitted by law, pursuant to NYLL and the Wage Order;

i) A declaratory judgment that the Defendant retaliated against Plaintiff Vera, in violation of FLSA and NYLL;

j) An award of statutory, compensatory, punitive, and liquidated damages, for Plaintiff Vera, under the FLSA and NYLL;

k) An award of $20,000.00 in liquidated damages against Defendant, pursuant to NYLL § 215, for Plaintiff Vera;

l) Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under the NYLL Article 6, §§ 198 *et seq*., NYLL Article 19, §§ 650 *et seq*., and the Wage Order;

m) Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under the FLSA;

n)  Prejudgment and post-judgment interest;

o)  An injunction requiring Defendant to pay all statutorily required wages and cease the unlawful activity described herein pursuant to NYLL;

p)  Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4);

q)  Reasonable attorneys' fees and costs of the action; and,

r)  Such other relief that this Court shall deem just and proper.

Date:  New York, New York
       September 12, 2020

                              The Law Offices of
                              Fausto E. Zapata, Jr., P.C.


                        By: _____
                              Fausto E. Zapata, Jr. (FZ4957)
                              *Attorneys for Plaintiff*
                              277 Broadway, Suite 206
                              New York, New York 10007
                              Tel. (212) 766-9870
                              Email: fz@fzapatalaw.com